UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES FRIMPONG-MANSO,

      Plaintiff,

      v.

JOHNSON COUNTY, KANSAS, BOARD OF
COMMISSIONERS,

      Defendant.

Case No. 25-2439-TC-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's Motion for Sanctions. (ECF 78.) Defendant The Board of County Commissioners of Johnson County, Kansas ("the Board") asks the court to sanction *pro se* plaintiff Charles Frimpong-Manso for his alleged failure to meet and confer with defense counsel about discovery, failure to timely produce documents, and misrepresentations to the court.

The court has authority under Federal Rules of Civil Procedure 16(f) and 37(b)(2) to sanction a party who fails to participate in discovery or comply with court orders. Additionally, the court has inherent authority to sanction a party whose behavior impedes the orderly and expeditious functioning of the judicial process. *Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 107 (2017).

The Board complains that Frimpong-Manso very often fails to respond to defense counsel's calls and emails attempting to resolve discovery disputes and schedule depositions. It states that this has led to unnecessary court conferences and fees charged by its attorney in attempting "to get Plaintiff to respond." (ECF 79, at 9.) But the Board recently acknowledged that its counsel had been calling the wrong number for Frimpong-Manso. (*See* ECF 88.) Moreover, the court heard

and addressed the Board's concerns during a discovery conference with the court on March 11, 2026.  As the court explained during the conference, the federal and local discovery rules only require a party to *attempt* to confer about discovery matters.  The court found, for example, that defense counsel had "made reasonable efforts to schedule plaintiff's deposition on a mutually agreeable date," such that the Board could simply schedule Frimpong-Manso's deposition with seven-days' notice.  (ECF 76.)  *See also* D. Kan. Deposition Guidelines.  Although the Board asserts plaintiff misrepresented to the court that the Board set his deposition without coordinating with him, the court finds that any slight misstatements by Frimpong-Manso were due to his misunderstanding of his discovery obligations, rather than intentional lies to the court.  In any event, any prejudice to the Board stemming from the challenges in scheduling Frimpong-Manso's deposition has already been ameliorated.  Finally, the Board complains that Frimpong-Manso failed to produce documents by the date set by the court, but Frimpong-Manso explained during the March 11 conference that he did not have any additional responsive documents.  The Board has not demonstrated that his assertion is false.

After considering the record in this case, the court concludes that although Frimpong-Manso's actions are understandably frustrating to defense counsel, they do not rise to a sanctionable level—at least not yet.  The court is hopeful that Frimpong-Manso will follow the court's guidance given at the March 11 conference to be more responsive and diligent in communicating with defense counsel.  The court cautions Frimpong-Manso that if he ignores his discovery obligations going forward, including the obligation to meet and confer with defense counsel by phone or in person in an attempt to resolve discovery matters without court involvement, the court may revisit the question of whether sanctions should be awarded.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions (ECF 78) is denied.

Dated March 24, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge