UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES FRIMPONG-MANSO,

        Plaintiff,

        v.

JOHNSON COUNTY, KANSAS, BOARD OF
COMMISSIONERS,

        Defendant.

Case No. 25-2439-TC-ADM

## ORDER

This matter comes before the court on defendant Johnson County, Kansas, Board of Commissioners' ("the County") motion to set time limits on particular depositions noticed by plaintiff Charles Frimpong-Manso. (ECF 107.) On April 9, 2026, the court convened a discovery conference to discuss this request (as well as other discovery matters). For the reasons explained below and in more detail on the record of the conference, the motion is granted.

Frimpong-Manso worked for Johnson County Developmental Supports ("JCDS") as a Direct Support Professional for approximately 11 years, until his termination in November 2024. In this role, he worked in a County-owned home of adults with developmental disabilities. On October 12, 2024, Frimpong-Manso was working an overnight shift when his supervisor, Lucy Kagiri, visited the home unannounced. When Kagiri arrived, the home was dimly lit and Frimpong-Manso was lying on the couch. Kagiri asserted that Frimpong-Manso was sleeping, which Frimpong-Manso denied. The County placed Frimpong-Manso on paid administrative leave pending an investigation.

On October 16, 2024, the County directed Frimpong-Manso to come to JCDS's administrative offices. When he arrived, Frimpong-Manso met (in a series of three meetings)

1

with John Grant, JCDS principal human resource partner; Sarah Schlitter, JCDS Director of Residential Services and Kagiri's supervisor; and Chris Linnane, JCDS Chief Financial Officer. After giving Frimpong-Manso a chance to explain his position, Linnane informed Frimpong-Manso that he had made the decision to terminate Frimpong-Manso for sleeping on duty.

Pursuant to the County's dispute resolution policy, Frimpong-Manso requested an internal review hearing of the termination decision.   The County conducted the hearing on November 18, 2024 ("Appeals Hearing").   The Appeals Hearing panel consisted of Kinsley Riggs, Brian Schoenig, and Alison Duran.   The panel upheld the termination decision, and the County informed Frimpong-Manso that same day.

On August 5, 2025, Frimpong-Manso filed this civil-rights action, alleging that the County terminated him because of his race (Black) and national origin (Ghanaian), and that the County's stated reason for termination (sleeping) was a pretext for discrimination.  (ECF 12, at 2.)  The case proceeded with discovery, which has resulted in an unusual number of disputes. Upon the parties' requests under D. Kan. Rule 37.1, the court conducted discovery conferences on February 11 (in person), March 11 (in person), and April 9 (over Zoom).

During the April 9 conference, the County noted that Frimpong-Manso has noticed the full-day depositions of nine County employees: Kagiri, Linnane, Grant, Schlitter, Riggs, Schoenig, Duran, Susan Gray (a former human resources partner who helped re-write documents distributed to the Appeals Hearing panel), and Tim Belcher (a JCDS Direct Support Professional who worked at the same home as Frimpong-Manso).  (*See* ECF 91.)   The County argued that the Federal Rule of Civil Procedure 30(d)(1) seven-hour limit on depositions should be reduced as to deponents other than Kagiri, given their limited knowledge of relevant facts and pursuant to the

proportionality needs of the case.  After hearing from both parties, the court set this issue for motion practice and briefing.   The County filed the present motion, which is now ripe for decision.

Federal Rule of Civil Procedure 26(b)(2) gives the court discretion to alter "the length of depositions under Rule 30."   In deciding the appropriate length of depositions, the court considers whether there is good cause to adjust the presumptive seven-hour limit in light of the amount of discovery that is proportionate to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1) and (c)(1); *Willmore v. Savvas Learning Co. LLC*, 344 F.R.D. 546, 559 (D. Kan. 2023).   The court has considered the parties' arguments (made both during the discovery conference and in written briefs).   And the court is very familiar with the vast discovery Frimpong-Manso has sought in this case, given the information presented at the various discovery conferences.   Given the need for proportionality in light of the nature of the case—a relatively simple and straightforward employment discrimination case—the court sets the following presumptive limits for the length of each deposition:

1. Kagiri: 7 hours

2. Linnane: 3.5 hours

3. Grant: 3.5 hours

4. Schlitter: 2.5 hours

5. Riggs: 2 hours

6. Schoenig: 2 hours

7. Duran: 2 hours

8. Gray: 3 hours

9. Belcher: 2 hours

The court sets these limits as "presumptive," meaning that, after the time limit has been reached in a deposition, Frimpong-Manso may request additional time to continue the deposition if he believes it necessary to explore a deponent's relevant knowledge about the facts in the case. If the parties are unable to reach agreement on any requested extension, they should email the undersigned judge's chambers to request a discovery conference, attaching a copy of the deposition transcript to the email.  If, after reviewing the deposition transcript, the court is persuaded that more time is warranted, the court may be willing to allow Frimpong-Manso additional time to continue the deposition.   But he must first try to complete the deposition within the time limits set forth above, which the court believes are reasonable given many of the witnesses' limited involvement in the facts of the case.

**IT IS THEREFORE ORDERED** that the County's motion to set time limits on particular depositions noticed by Frimpong-Manso (ECF 107) is granted, as set forth above.

Dated April 27, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge